IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA MARIE HEINTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 07-1174 |
| FAYETTE COUNTY AREA VOCATIONAL | ) |
| TECHNICAL SCHOOL, et al., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

Pending before the Court is Defendants' Partial Motion to Dismiss. (Docket No. 9). Plaintiff has filed a Brief in Opposition thereto. (Docket No. 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, said Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff's Amended Complaint asserts five counts against Defendants, Fayette County Area Vocational Technical School ("the School"), Dr. Edward Jeffreys, and William Trimbath. (Docket No. 8). Count I is titled "discrimination on the basis of sex" and is brought against the school and both individual Defendants in their official capacities only. *Id.* Count II is titled "state discrimination" and does not set forth which Defendant it is brought against. *Id.* Count III is titled "civil rights violations" and is brought against all Defendants. *Id.* Count IV is titled "assault and

battery" and is brought against Defendant Trimbath. *Id.* Count V is titled "intentional infliction of emotional distress" and does not set forth which Defendant it is brought against. *Id.* Defendants filed a Partial Motion to Dismiss seeking the dismissal of the following:

> 1. The Pennsylvania Human Relations Act ("PHRA") claims against the individually named Defendants;
>
> 2. The Title VII claims against the individually named Defendants;
>
> 3. The punitive damage claims under the PHRA and Title VII;
>
> 4. The Pennsylvania Constitutional law claims;
>
> 5. The claims for punitive damages under Section 1983; and
>
> 6. The claims for intentional infliction of emotional distress.

(Docket No. 9). Plaintiff has filed a Brief in Opposition thereto. (Docket No. 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

In deciding a Motion to Dismiss all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in the light most favorable to the plaintiff. *Haspel v. State Farm Mut. Auto. Ins. Co.,* Case No. 06-3716, 2007 WL 2030272, at *1 (3d Cir. July 16, 2007). However, "[f]actual allegations must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). To survive a motion to dismiss, the complaint

must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 1969. While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See, Miree v. DeKalb County, Ga.,* 433 U.S. 25, 27 n. 2 (1977).

B. <u>CONCESSIONS BY PLAINTIFF</u>

Plaintiff concedes the following: 1) the Title VII claims against the individual Defendants should be dismissed; 2) her claims for punitive damages under the PHRA and Title VII should be dismissed; and 3) her claim for punitive damages under §1983 should be dismissed. (Docket No. 13, pp. 9-10). As a result, Defendants' Partial Motion to Dismiss is granted as to those specific concessions.

C. <u>PHRA CLAIMS AGAINST INDIVIDUAL DEFENDANTS</u>

Defendants contend that the individually named Defendants must be dismissed with regard to Plaintiff's PHRA claims because they were not named as respondents in the PHRC Complaint and it did not include any claims of aiding and/or abetting. (Docket No. 10, pp. 2-3). In response, Plaintiff acknowledges that she did not name the individual Defendants as respondents in the underlying PHRC Complaint, but argues that the individual Defendants had sufficient notice since Dr. Jeffreys was specifically identified in the PHRC Complaint, Mr. Trimbath was referred to as the similarly situated male co-worker/harasser, and it was their conduct that was the focus of the investigation. (Docket No. 13, pp. 4-9).

3

After a review of the PHRC Complaint (Docket No. 13-2) and the PHRC Findings of the Investigation (Docket No. 13-3), I find that the individual Defendants had sufficient notice of and participated in the PHRC process. In particular, Dr. Jeffreys was named throughout the PHRC Complaint and the Findings of the Investigation. (Docket No. 13-2, ¶¶7-9, 11-12; Docket No. 13-3). Moreover, Defendant Trimbath was identified in the Findings of the Investigation as the co-worker identified in her PHRC Complaint. (Docket No. 13-3, ¶¶1, 6). As a result, it is clear that both individual Defendants were a part of and the focus of the PHRC investigation. Consequently, I do not find that dismissal of Plaintiff's PHRA claims against the individual Defendants contained within Count II is warranted.

D. PENNSYLVANIA CONSTITUTIONAL CLAIMS

Defendants argue in one paragraph that Plaintiff's claims for violations of the Pennsylvania Constitution must be dismissed because there is no statutory authority or case law to authorize a private cause of action for money damages resulting from a violation of the Pennsylvania Constitution. (Docket No. 10, p. 4). In support of the same, Defendants cite the case of *Jones v. City of Philadelphia,* 890 A.2d 1188 (Commwlth Pa.2006). The *Jones* case involved an analysis of Article I, Section 8 of the Pennsylvania Constitution regarding the protection against the use of excessive force. *Id.* This case involves a claim brought pursuant to Article I, Section 28 (regarding sexual discrimination). (Docket No. 13, p. 10; Docket No. 8, Count II). As the *Jones* court specifically stated: "'Pennsylvania has a long and active history of independent enforcement of its state constitution.'... In fact, our state Supreme

4

Court has 'stated with increasing frequency that it is both important and necessary that we undertake an independent analysis of the Pennsylvania Constitution, each time a provision of that fundamental document is implicated.'" *Id.* at 1193-94 (citations omitted). Defendants have failed to analyze how the *Jones* case involving Article I, Section 8, applies to this case involving Article I, Section 28. Defendants merely conclude that in light of *Jones,* Plaintiff's Pennsylvania Constitution claim must be dismissed. (Docket No. 10, p. 4). Conclusory arguments such as the one made by Defendants are wholly inadequate. Consequently, a dismissal of Plaintiff's Pennsylvania Constitutional claim contained within Count II is not warranted.

E. <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

Count V of Plaintiff's Amended Complaint is a separate cause of action under Pennsylvania law for intentional infliction of emotional distress. (Docket No. 8, Count V). Defendants seek the dismissal of Plaintiff's claim for intentional infliction of emotional distress asserting that it is barred by the exclusivity provisions of the Pennsylvania Workers' Compensation Act ("PWCA"), 77 Pa. C.S.A. §1, *et seq.* (Docket No. 10, p. 5). The PWCA is the exclusive remedy for employees who are injured in the course of their employment. *Id.* The Pennsylvania Supreme Court has held that this includes intentional acts. *See, Poyser v. Newman & Co.*, 514 Pa. 32, 522 A.2d 548, 551 (1987); *Danese v. Morrison-Knudsen/Slattery*, 784 F.Supp. 228, 229 (E.D. Pa. 1992). Since Plaintiff alleges that the actions taken by her employer caused her emotional injury,

5

I find that it is barred by the exclusivity provision of the PWCA. 77 P.S. §481.[1] Therefore, Defendants' Motion to Dismiss Count V of Plaintiff's Amended Complaint is granted.

Plaintiff, however, requests the opportunity to amend her Amended Complaint to assert an exception to the exclusivity provision of the PWCA. (Docket No. 13, p. 13). The PWCA provides a narrow exception to the exclusive remedy provision known as the "personal animus" or "third party attack" exception. *Joyner v. Sch. Dist. of Phila.*, 313 F.Supp.2d 495, 503 (E.D.Pa. 2004). Under the PWCA, "the term 'injury arising in the course of employment' " does not include "an injury caused by the act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment." 77 Pa. C.S. § 411(1). Thus, claims based on "employee injuries caused by the intentional conduct of third parties for reasons personal to the tortfeasor and not directed against him as an employee because of his employment" may be actionable. *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 160 (3d Cir.1999). Based on the same, I will permit Plaintiff to file a Second Amended Complaint against the individual defendants to the extent that she believes she can set forth a cause of action under the exception to the exclusivity remedy of the PWCA.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

[1] That is not to say that Plaintiff cannot recover damages under her Title VII claim for mental anguish. It is simply that Plaintiff cannot maintain a separate cause of action under Pennsylvania law for intentional infliction of emotional distress.

ORDER OF COURT

AND NOW, this **7th** day of November, 2007, upon consideration of Defendants' Partial Motion to Dismiss (Docket No. 9), it is ordered that said Motion is granted in part and denied in part as follows:

1. The Motion is granted as to:

    a) the Title VII claims against the individual Defendants (Count I) ;

    b) the claims for punitive damages under the PHRA (Count II) and Title VII (Count I);

    c) the claim for punitive damages under §1983 (Count III); and

    d) Plaintiff's claim for intentional infliction of emotional distress (Count V).

2. The Motion is denied as to:

    a) Count II - Plaintiff's state discrimination claim brought pursuant to the Pennsylvania Constitution;

    b) Count II - Plaintiff's PHRA claims against the individual Defendants.

It is further ordered that Plaintiff is permitted to file a Second Amended Complaint within three (3) days of the date of this Order to assert a cause of action against the individual Defendants under the "personal animus" exception to the exclusivity remedy of the PWCA.

BY THE COURT:

/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge